## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Hemchandra Shertukde,     :
             :
      Plaintiff,   :   NO. 3:02CV620(MRK)
             :
v.             :
             :
MTD Products, Inc.,     :
             :
      Defendant.  :

## ORDER

The Court having conferred with the parties on the above captioned case on December 8, 2003, the following is ordered.

1.  Plaintiff's Motion for Enlargement of Time Re: Discovery Deadlines [doc. #24] is GRANTED nunc pro tunc.

2.  Plaintiff's Motion to Compel Payment of Expert Fees [doc. #27] is DENIED as moot.

3.  The following case management schedule shall apply:

  A.  **Discovery:** All discovery, including all discovery relating to expert witnesses, will be completed (not just propounded) by **March 1, 2004**:

  **NOTE: All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 203-773-2022.**

  B.  **Expert Discovery**: Defendant's expert reports will be served by **February 2, 2004**, and all depositions of defendant's experts will be completed by **March 1 , 2004**.

  C.  **Dispositive Motions:** Dispositive motions, if any, including all motions to exclude testimony of experts pursuant to Fed. R. Evid. 702-05 and the

*Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) line of cases shall be filed by **April 1, 2004**.

D.    **Trial Memorandum:** If no dispositive motions are filed, the Parties' Joint Trial Memorandum (instructions are attached) is due **May 3, 2004**. If dispositive motions are filed, the Joint Trial Memorandum is due 30 days after the Court's decision on the dispositive motion.

E.    **Trial Ready Date:** If no dispositive motions are filed, the case will be considered trial ready on **May 17, 2004**. If dispositive motions are filed, the case will be considered trial ready immediately after the filing of the parties' Joint Trial Memorandum.

F.    **Status Conference:** A TELEPHONIC STATUS CONFERENCE WILL BE HELD ON MARCH 26, 2004 at 11:00 a.m. Plaintiff's counsel will initiate the conference call. The parties will file a joint status report (instructions attached) with the Clerk's Office no later than March 17, 2004.

**ANY FURTHER EXTENSIONS OF THESE DEADLINES ARE UNLIKELY TO BE GRANTED.**

IT IS SO ORDERED.

/s/_____Mark R. Kravitz_____
U.S.D.J.

**Dated at New Haven, Connecticut: December 8, 2003**.

2

RE:     **CASE NO. 3:02CV620 (MRK)**
---------------------------------------------------------------

TO:     **COUNSEL OF RECORD:**


---------------------------------------------------------------

On or before **March 17, 2004,**

THE PARTIES SHALL FILE WITH THE CLERK'S OFFICE [with certification copies sent to all counsel of record] AN ORIGINAL STATUS REPORT, STATING THE FOLLOWING:

    (a)  THE STATUS OF THE CASE, IDENTIFYING ANY PENDING MOTIONS, OR ANY CIRCUMSTANCES POTENTIALLY INTERFERING WITH THE PARTIES' COMPLIANCE WITH THE SCHEDULING ORDER;

    (b)  INTEREST IN REFERRAL FOR SETTLEMENT PURPOSES TO A UNITED STATES MAGISTRATE JUDGE OR TO THE DISTRICT`S SPECIAL MASTERS PROGRAM;

    (c)  WHETHER THE PARTIES WILL CONSENT TO A TRIAL BEFORE A MAGISTRATE JUDGE; AND

    (d)  THE ESTIMATED LENGTH OF TRIAL.

NO STATUS REPORTS WILL BE ACCEPTED VIA FACSIMILE.


             BY ORDER OF THE COURT
             KEVIN F. ROWE, CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

## JOINT TRIAL MEMORANDUM - INSTRUCTIONS
### FOR THE HONORABLE MARK R. KRAVITZ (revised 11/03)

The parties shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with Local District Civil Rule 6 and the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. **In addition to filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments, both in hard copy and on a 3 ½" computer diskette in WordPerfect 10.0 format.** The Joint Trial Memorandum shall contain the following information:

(1)     _TRIAL COUNSEL_:  Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case.  Trial counsel must attend the pre-trial conference, unless excused by the Court.

(2)     _JURISDICTION_:  Counsel shall set forth the basis for federal jurisdiction.

(3)     _JURY/NON-JURY_:  Counsel shall state whether the case is to be tried to a jury or to the court.

(4)     _LENGTH OF TRIAL_:  Counsel shall set forth a realistic estimate of trial days required based on the expected length of testimony for each witness on both direct and cross-examination.

(5)     _FURTHER PROCEEDINGS_:  Specify, with reasons, the necessity of any further proceedings prior to trial.

(6)     _NATURE OF CASE_:  Counsel for both parties shall separately state the nature of each cause of action and the relief sought.  If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses.

(7)     _TRIAL BY MAGISTRATE JUDGE_:  Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

(8)     _EVIDENCE_:

(a) _Witnesses_: Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony.  Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises.  For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on

which the witness intends to rely. Also state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae, if available.

**NOTE: Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown.**

(b) <u>Exhibits</u>: Counsel shall attach a list of all exhibits ——including a brief description of their contents——to be offered at trial. . The parties shall mark all exhibits numerically with exhibit tags (which will be provided by the Clerk's Office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "501." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum, with one complete copy of the exhibits (in a binder if substantial) to Judge Kravitz three (3) days before the pretrial conference. One (1) day before trial, counsel shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list pursuant to Local District Civil Rule 14(b).

**NOTE: Exhibits not listed will not be admitted at trial, except for good cause shown.**

Any objection to the admissibility of any exhibit or the testimony of any witness must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit or witness regarding admissibility.

**NOTE: All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.**

©) <u>Deposition Testimony</u>: Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition transcript which each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(4). The list shall include all objections to deposition designations. A marked-up version of the deposition transcript should also be submitted (blue for plaintiff; red for defendant).

**NOTE: Objections not stated in the Joint Trial Memorandum will be deemed waived, except for good cause shown.**

(9)  *STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*: Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

(a)  *Bench Trial*: Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall also submit proposed conclusions of law,

2

citing the legal authority that supports each claim or defense.

Except under unusual circumstances, post-trial briefing will not be permitted.  Any pre-trial memoranda which any party (ies) wish the Court to consider must be filed no later than seven (7) days prior to the date trial commences.

(b)     *Jury Trial*:  The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

(1)     *Proposed Voir Dire Questions*:  Counsel shall attach a list of questions to be submitted to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 24 hours before jury selection.

(2)     *Proposed Jury Instructions*: The parties shall meet and confer for the purposes of preparing and filing jury instructions.  Counsel shall attach (and also include on the diskette) requests for jury instructions, citing relevant legal authority for each proposed instruction.  Counsel are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc.  If any party objects to another party's  proposed instruction, counsel shall briefly state the nature of the objection and the legal authority supporting the objection.

(3)     *Proposed Verdict Form*: Counsel shall attach (and also include on the diskette) proposed verdict forms and any proposed special interrogatories.  If the parties are unable to agree as to the appropriateness of a proposed form, counsel for the objecting party must state the basis for the objection and provide an alternative proposal (on a diskette).

(10)   <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>: Counsel shall list any evidentiary problems anticipated by any party and shall attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary problems, including any issues relating to the admissibility of expert testimony under Fed. R. Evid. 702-05 and the *Daubert  v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) line of cases.  All memoranda in opposition to any motion in limine must be filed within seven (7) days of the date on which the Joint Trial Memorandum is filed.

3