Exhibit J

**SABON**INDUSTRIES, INC.

150 Jennie Lane • Fairfield, Connecticut 06824 • 203/255-8880      Leslie N. Wilder, P.E.

December 23, 2003

Marc H. Vidone, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119-1544

Re: Shertukde vs. Yard-Man

Dear Mr. Vidone,

In response to the defendant's requests, enclosed are copies of the exhibits in my file, including printouts of the digital photos that I took. In addition, the defendant has requested a copy of my videotape, which I have converted to VHS format and also enclosed.

Within the last ten years I have published an article entitled Avoiding the Pitfalls of the Too-Obvious Defect in the Journal of the National Academy of Forensic Engineers, (174 Brady Avenue, Hawthorne, New York 10532) Volume XIV No. 2, December 1997.

As we discussed, since my deposition I have done further work in this matter as follows: I have looked into the issue of utensils to clear blockages, and have found two kinds of commercial utensils that are specifically designed for this purpose. They are priced in the $9-13 retail price range. I have obtained one and have the other on order. Also, I have documented that Honda provides a "snow clearing bar" that is clipped to their snowblowers for clearing blockages.

I have also looked into ways of more reliably preventing snow thrower impellers from rotating when an operator releases the auger/impeller control. I previously opined that a positive stop is needed for the subject machine, given its use of a "slipping-belt" arrangement to disconnect engine power from the impeller. However, an impeller drive design that positively disconnected engine power from the impeller and auger might obviate the need for such a positive mechanical lock to prevent undesired rotation. Such a design might include the use of a mechanical clutch to disconnect the impeller from the engine. Honda uses such a clutch in some of their lawn mowers. Mr. Bogdanski has requested that he be informed of any additional work that I do, or opinions that might be modified or changed, and I believe that this is information that he will want. Although you have requested that I await your approval before doing further work, and I will do so, I believe this aspect should be more fully explored.

I have just received the deposition transcript, and will review, correct if necessary, and return the corrections to you. As was agreed, the corrections will not be notarized.

Enclosed is Invoice #1094 in the amount of $300.00 to cover the expenses of complying with the defendant's requests.

Sincerely,

Leslie N. Wilder